IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MATTHEW F. ROSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TURQUOISE BAY RESORT LLC, a limited liability company, and ROBERT RYAN KNIGHT, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Matthew F. Ross ("Plaintiff"), by his undersigned attorneys, files this amended complaint against Defendants, Turquoise Bay Resort LLC ("Turquoise Bay") and Robert Ryan Knight ("Knight") (collectively, "Defendants"), and alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District and Defendants reside or transact business here.

## PARTIES

3. Plaintiff is an individual who resides in, is domiciled in, and is a citizen of Portland, Multnomah County, Oregon, where he has resided, been domiciled in, and been a citizen of at all times material hereto.

4. Defendant Turquoise Bay is a limited liability company registered to do business in the State of Florida with its principal place of business located in Cape Coral, Lee County, Florida. Upon information and belief, Defendant Knight, a citizen of Florida, is the manager and sole member of Defendant Turquoise Bay. As a result, Defendant Turquoise Bay is a citizen of Florida.

5. Defendant Knight is an individual who resides in, is domiciled in, and is a citizen of, Lee County, Florida, where he has resided, been domiciled in, and been a citizen of at all times material hereto.

## SUBSTANTIVE ALLEGATIONS

6. In or about January 2024, Plaintiff first became aware of an investment opportunity with Defendants relating to a real estate development project in Lee County, Florida.

7. At or about that time, Plaintiff communicated with Defendant Knight regarding the investment opportunity and was told by Defendant Knight that he could invest $100,000 in the project for six months and earn interest at the rate of 20% per annum which equaled $10,000 for the six

month period. Defendant Knight also represented to Plaintiff that the investment would be secured by the property to be developed by Defendants (the "Property"). Defendant Knight represented to Plaintiff that the Property was owned by Defendant Turquoise Bay.

8. In reliance on the representations by Defendant Knight, Plaintiff agreed to invest the monies and signed a promissory note (the "Note" or "Promissory Note") on February 1, 2024. *See* Note attached as Exhibit 1. Under the terms of the Note, interest-only payments were to be made by Defendant Turquoise Bay each month, with the loan maturing and to be paid in full on September 1, 2024. *Id.*

9. Plaintiff paid $100,000 to Defendant Turquoise Bay on or about March 4, 2024.

10. On or about March 11, 2024, Defendants requested that the terms of the Note be revised, changing the effective date of the Note to April 1, 2024, eliminating any monthly interest payments and extending the maturity date of the Note until September 30, 2024. Plaintiff agreed and signed the March 2024 Addendum to Promissory Note & Mortgage, attached hereto as Exhibit 2.

11. On or about April 17, 2024, Defendants requested that Plaintiff execute another Addendum to Promissory Note and Mortgage which was identical, except for the date of execution, to the March 2024 Addendum to

3

Promissory Note & Mortgage. *See* April Addendum to Promissory Note and Mortgage attached as Exhibit 3.

12. On September 30, 2024, the principal balance and interest on the Note became due in full. Defendants did not make any payment to Plaintiff and has not made any such payment as of the date of this Complaint.

13. Pursuant to the Promissory Note and Addendums to Promissory Note and Mortgage signed by Plaintiff and Defendant Knight as the agent for Defendant Turquoise Bay, Defendant Turquoise Bay is required to pay Plaintiff the principal balance of $100,000.00 and interest that accumulated at a rate of 20.00% per annum over the six (6) month period outlined in the Promissory Note, as well as any further interest and late fees as allowed by the terms of the Note.

14. Plaintiff has since made demand on Defendants to pay the balance in full, but has yet to receive any monies from Defendants as of this date.

15. Further, upon information and belief, Plaintiff was never given a secured interest in the Property as promised and represented by Defendant Knight.

16. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including financial loss, interest, and attorneys' fees.

## COUNT I
### (Breach of Promissory Note)

17. Plaintiff incorporates the allegations of paragraphs 1-16 as if fully set forth herein.

18. Defendant Turquoise Bay breached the Promissory Note by failing to pay the principal balance and all accrued interest when it came due on September 30, 2024.

19. Plaintiff made demand upon Defendant Turquoise Bay for payment of all monies owed under the Note, but such demand was ignored.

20. Plaintiff has suffered damages in the amount of $100,000.00 in unpaid principal and accrued interest of at least $35,000 as a direct and proximate result of Defendant Turquoise Bay's breach of the Note as well as any late fees as allowed by the terms of the Note.

## COUNT II
### (Fraudulent Inducement as to Defendant Knight)

21. Plaintiff incorporates the allegations of paragraphs 1-16 as if fully set forth herein.

22. Defendant Knight made false representations to the Plaintiff regarding security for the Promissory Note.

23. Specifically, Defendant Knight represented to Plaintiff that his loan to Defendant Turquoise Bay would be secured by a lien against the Property.

24. Defendant Knight never intended to provide a security interest to Plaintiff and knew that the representation was false.

25. Plaintiff justifiably relied on the misrepresentations made by Defendant Knight when he signed the Promissory Note and loaned Defendant Turquoise Bay $100,000.00.

26. As a result of the justifiable reliance on Defendant Knight's misrepresentations, Plaintiff has no security for the monies lent to Defendant Turquoise Bay and has no ability to recoup the monies.

## COUNT III
### (VIOLATION OF FDUTPA (Fla. Stat. §§ 501.201–501.213))

27. Plaintiff incorporates the allegations of paragraphs 1-16 as if set forth fully herein.

28. Defendants' conduct also constitutes unfair and deceptive acts or practices within the meaning of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213, because Defendants concealed, misrepresented, or otherwise engaged in unfair practices related to the inducement of Plaintiff to purchase the Note.

29. Defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce, including but not limited to misrepresentations about repayment terms, and concealment of material facts regarding the Note.

30. Defendants' actions were likely to mislead a reasonable consumer and caused Plaintiff actual damages.

31. As a result of Defendants' unfair and deceptive acts, Plaintiff has suffered monetary loss.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Awarding actual damages;

B. Awarding compensatory damages;

C. Awarding Plaintiff pre-judgment and post-judgment interest, as well as his reasonable attorneys' fees, and costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 24, 2026                    Respectfully submitted,

                                                                       **MILLER SHAH LLP**

                                                                       By: */s/ Nathan C. Zipperian*
                                                                       Nathan C. Zipperian
                                                                       2103 N. Commerce Parkway
                                                                       Fort Lauderdale, Florida 33326
                                                                       Telephone: (954) 515-0123
                                                                       nczipperian@millershah.com

                                                                       *Attorneys for Plaintiff*